## ÆTNA CASUALTY & SURETY CO. v. IN-DEPENDENT BRIDGE CO. For The Use of ALPHA PORTLAND CEMENT CO.

### No. 4645.

Circuit Court of Appeals, Third Circuit.

Dec. 31, 1931.

Rehearing Denied Jan. 28, 1932.

John C. Bane, Jr., Edwin W. Smith, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for appellant.

Edward G. Bothwell and Morris, Walker, Bothwell & Harrison, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

On April 6, 1925, the Pennsylvania counties of Fayette and Greene made a contract with the Independent Bridge Company (hereafter called Independent) for the construction of an intercounty bridge. On April 15, 1925, Independent made a contract with the H. B. Mish Company (hereafter called Mish) for the construction of the substructure and approaches to the bridge. By this contract Mish agreed to furnish Independent with a surety bond "conditioned for * * * the payment of all material." Reciting said contract, the Ætna Casualty & Surety Company (hereafter called surety company) gave such surety bond to Independent, providing, inter alia, that it "shall save the Independent Bridge Company free and harmless from the payment of any claims of * * * material men * * * on ac-

count of the construction of said improvement." Responding to the specific agreement of Mish above recited that the proposed surety bond was to be "conditioned for * * * the payment of all material," surety company made a further agreement in its bond as follows:

"And it is hereby further stipulated and agreed that the said Principal and said Surety jointly and severally further covenant and agree with said Independent Bridge Company that any person or persons having a claim for any sum alleged to be due by said Principal for any * * * materials furnished in or about the construction of said contract, which shall have remained unpaid for a period of sixty days after the completion and performance of the above mentioned contract and acceptance by the two Counties of the work done thereunder, shall have the right to bring suit upon this obligation and to recover any sums as may be justly and legally due him or them. ·

"Such suits may be brought in the name of the Independent Bridge Company for the use of the person or persons having such claim."

This bond, given by a business surety company, which stated in its own selected language and in express and unequivocal terms, is, where any uncertainty exists, to be construed strongly against the surety obligor. But there is here no ambiguity or call for construction. What the parties meant, what they intended the bond should effect, what the bond contemplated, namely, "conditioned for * * * payment of all material," was precisely what all parties had in view and put in their contract. Indeed, they went further, and ·provided, by a separate section of the contract, the precise legal process and procedure by which this purpose was to be enforced. It will here be noted that presumably on the strength of this bond, and in faith that its provisions would be carried out by the surety company, the Alpha Portland Cement Company (hereafter called Alpha) sold and delivered to Mish some sixty-five hundred barrels of cement, all of which were used in the construction of the bridge, and of which the surety company obtained and retains the benefit, in that it was used to fulfill Mish's contract, and to that extent lessened the surety company's liability on its bond, which was that Mish should "well and faithfully perform and fulfil, in all parts, the contract." Mish and the surety company having failed to pay for a large part of such cement,

Alpha brought this suit against the surety company in exact compliance with the course outlined by surety company in its bond; namely, "such suits may be brought in the name of the Independent Bridge Company for the use of the person or persons having such claim." The court below enforced the plaintiff's claim for the price of the unpaid for cement, and entered judgment against the cement company. The latter, in this appeal, now charges the judge erred because the plaintiff was allowed to follow the exact course and sue in the exact way the surety company in its bond pointed out.

We are not concerned with principles of law and forms of procedure which might or might not apply to other situations. We are concerned with the precise situation before us. All parties were sui juris. They could make whatever contract or enter into any bond they saw fit. They exercised their free will in this case, and provided for the creation of certain rights, and specified how those rights should be enforced. Whatever the law might be in other cases, they made their chosen mode of procedure a law unto themselves in this case. The surety company having been paid a premium for its bond, and having, by virtue of such bond, obtained from the cement company its property and used it in relief of its bond, every principle of equity, commercial ethics, and estoppel now prevent it from repudiating its own agreement and directions and convicting of error a court which sought to enforce the surety company's own agreement.

The judgment below is affirmed.